UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MIRAGE APARTMENTS, | No. 2:14-cv-02203-MCE-AC |
| Plaintiff, | |
| v. | ORDER AND |
| JASMIN WESSON, ET AL., | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

Plaintiff the Mirage Apartments commenced an unlawful detainer action in the Kern County Superior Court on August 5, 2014.  Notice of Removal ("NOR"), Ex. A.  Defendants Jasmin Wesson and Dewane Fields removed this action on September 23, 2014, purportedly on the basis of subject matter jurisdiction, along with requests to proceed in forma pauperis.  ECF No. 1–3.  On October 15, 2014, plaintiff filed a motion to remand, arguing lack of federal question jurisdiction and that defendants' removal was untimely.  ECF No. 7.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a claim upon which relief can be granted.  A plaintiff fails to state a claim when the court lacks jurisdiction over the subject matter of the complaint.  See Fed. R. Civ. P. 12(b)(1).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980

1

1   F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as
2   to the right of removal in the first instance." Id.  Removal is proper only if the court could have
3   exercised jurisdiction over the action had it originally been filed in federal court.  Caterpillar, Inc.
4   v. Williams, 482 U.S. 386, 392 (1987).  The "presence or absence of federal-question jurisdiction
5   is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists
6   only when a federal question is presented on the face of the plaintiff's properly pleaded
7   complaint." Id.

8   Attached to defendants' notice of removal is a copy of the complaint filed by plaintiff in
9   the Kern County Superior Court.  The complaint contains a single claim for unlawful detainer.  In
10  defendants' removal notice, they assert that federal question jurisdiction exists because the
11  superior court's refusal to sustain their answer implicates their federally-secured rights.
12  Plaintiff's complaint for unlawful detainer, however, does not state claims under any federal law.
13  Rather, defendants appear to assert that their federally-secured rights are at issue by virtue of their
14  defenses to the action.

15  Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-
16  party claim raising a federal question, whether filed in state or federal court.  See Vaden v.
17  Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042–43 (9th
18  Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998);
19  Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l
20  Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint
21  indicates that the only cause of action is one for unlawful detainer, which arises under state law
22  and not under federal law.  Thus, this action does not arise under federal law, and jurisdiction
23  under 28 U.S.C. § 1331 does not exist.

24  Based on the foregoing, IT IS HEREBY ORDERED that defendants' motions to proceed
25  in forma pauperis (ECF Nos. 2 & 3) are granted; and

26  IT IS HEREBY RECOMMENDED that this action be remanded to the Kern County
27  Superior Court and plaintiff's motion to remand be denied as moot.

28  These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

DATED: October 21, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE